UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MS. RAISSA LEVY, MR. JAMES VILLANUEVA, MS. SHANNA RIVERA, MR. ANDRÉ MCCOY individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLOTTE SCHOOL OF LAW, LLC, and INFILAW CORPORATION.<br><br>Defendants. | CASE NO. 3:17-cv-00026-GCM |

**PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE EXHIBITS**

Granting of the Motion to Strike is appropriate as the Defendants are trying to expand the record to present facts that support their defenses, facts that are simply not germane to whether Plaintiffs have pled cognizable actions. Defendants' impetus in favor of the contested exhibits is misplaced. However, one possible solution, should the Court consider the Defendants respective exhibits material to its Motion to Dismiss relevant at this time, Plaintiffs request that discovery first commence and the parties can subsequently address the exhibits at the appropriate time with dispositive motions. This Court should not allow this extraneous material to be included in the record.

**If the Court Allows the Respective Exhibits, it should do so without Converting the Motion to one of Summary Judgment.**

Plaintiffs are concerned that allowing the Defendants to expand the record at this time with these exhibits will convert this motion into a "defacto" summary judgment motion. Courts,

1

in limited situations, may consider a document attached to a FRCP 12(b)6 motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiffs claim and (2) undisputed. Brothers v. Saag, No. 4:13-CV-466-VEH, 2014 U.S. Dist. LEXIS 27275, at *6 (N.D. Ala. Mar. 4, 2014). Therefore, exhibits attached must be **both** central to Plaintiffs claim **and** undisputed. Otherwise the exhibits cannot be considered at this stage in the proceedings.

Defendants' exhibit 6 regarding the "Hearing Transcript" is not (1) central to Plaintiffs claim because it merely addresses whether or not a school has lost accreditation before. Plaintiffs are not yet alleging CSL lost its accreditation. Therefore, this Court should not, without the benefit of discovery to establish its foundation, consider the "Hearing Transcript" Exhibit because it is not central to Plaintiffs case. The exhibit is also (2) clearly disputed. The content of the document as transcribed is one person opining on the inner workings of the ABA. Plaintiffs inability at this time to conduct discovery and depose the party making these statements in the transcription is clearly prejudicial. Plaintiffs cannot determine the veracity of these statements in the transcription without proper discovery; therefore, this Court should strike, without prejudice, this exhibit.

Exhibit 5 regarding the "Accreditation Archives" is also (1) not central to Plaintiffs claim because it also solely addresses CSL being accredited. Once again, it is defensive in nature and best addressed as an affirmative defense. Plaintiffs are not yet alleging CSL lost its accreditation at this time and is therefore irrelevant. Plaintiffs do not (2) dispute the authenticity[1] of the exhibit from the ABA website.

---

[1] Defendants' lack of dispute over the authenticity of the ABA website content clearly shows that Defendants recognize them as a governing authority.

Exhibit 4 regarding emails between CSL Dean Conison and a member of the ABA attempting to cure its deficiencies is a document that, at most would support an affirmative defense and is not appropriate for a FRCP 12 (b)(6) on the pleadings motion. Exhibit 4 is (1) not central to Plaintiffs case because it also addresses CSL being accredited, which is not at issue at this time. Plaintiffs cannot reasonably address the (2) authenticity of this document because Plaintiffs have not had the opportunity to address the veracity of the statements by either person in the email via a deposition or any form of discovery. Therefore, Plaintiffs dispute the authenticity of exhibit 4.

None of the exhibits produced by Defendants meet both the criteria that the documents are central to Plaintiffs claim and undisputed. Thus, this Court should strike the exhibits as they pertain to the present motions pending before the Court.

**Judicial Notice of the Exhibits would not be proper, as they are not integral to the Complaint; and must be considered in a light most favorable to Plaintiff.**

The Fourth Circuit has held, "[i]n reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record. ...We may also consider documents attached to the complaint, *see* FRCP 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Phillips v. Pitt Cnty. Mem'l. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

The Fourth Circuit has instructed courts when applying judicial notice of documents to carefully consider whether the documents are integral to the complaint and authentic. If so, the court must then carefully consider the documents in a light most favorable to the plaintiffs. "[W]hen a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (4th Cir. 2015). Moreover, "the determination whether

3

a fact properly is considered under the [Federal Rule of Evidence 201] judicial notice exception depends on the manner in which a court uses this information." Id. (citing Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) (holding that the district court improperly considered contents of a public record as an established fact and as evidence contradicting the complaint)). Tech. Partners, Inc. v. Papaioannou, No. 3:15CV63, 2015 U.S. Dist. LEXIS 170250, at *7-9 (W.D.N.C. Dec. 21, 2015).

If a court does decide to take judicial notice of certain documents, it must be careful to limit that judicial notice so as to not take judicial notice of a party's interpretation of those documents. Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 216 (4th Cir. 2009) (declining to take judicial notice of public documents and other exhibits because the party seeking notice sought "notice of its own interpretation of the contents of those documents" and not just notice of their existence). As the Fourth Circuit recently stated, "We are mindful that judicial notice must not 'be used as an expedient for courts to consider matters beyond the pleadings and thereby upset the procedural rights of litigants to present evidence on disputed matters.'" Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 511 (4th Cir. 2015) (citing Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local, 728 F.3d 354, 360 (4th Cir. 2013)).

Contrary to Defendants position in its memorandum, this Court should not take judicial notice of these exhibits as the documents are clearly not integral to the complaint. Further the exhibits are subject to reasonable dispute and require subjective interpretation; therefore, their authenticity is in question. Exhibit 4 is clearly not a readily accessible public record. Defendants have produced it in a vacuum without context other than to state it is based upon a "preliminary conversation." Therefore, exhibit 4 is not a properly authenticated document and is in dispute which Plaintiffs respectfully states precludes this Court from taking judicial notice.

4

Exhibit 6 is also in dispute, not because of the location or public availability of the transcript, but simply because the transcript contains statements or opinions from one person that the veracity, foundation, expertise, or reliability cannot be determined without reasonable discovery. Exhibit 5 is a publicly available website; therefore, the Court very well may take judicial notice of the exhibit; however it still fails because it is not central to the Plaintiffs claim because accreditation status is not at issue at this time.

Even if this Court takes judicial notice of any or all of the exhibits, they must be viewed in a light most favorable to the Plaintiffs. Defendants address the typical stigma behind a motion to strike, as they are viewed with disfavor by the court, however in this case, Plaintiffs' Motion to Strike is well taken and if granted, will simply keep the exhibits from being inappropriately commingled with material which is appropriate for a FRCP 12(b)(6) motion. Plaintiffs simply request a full chance to conduct discovery prior to this Court considering in a sense, dispositive motions.

Should this Court consider the exhibits presented by Defendants as appropriate, Plaintiffs requests the opportunity to conduct discovery. Plaintiffs request all of the respective exhibits be stricken or otherwise limited.

Respectfully submitted this 9th day of June 2017.

                                              */s/ Daniel R. Francis*

                                              Daniel R. Francis
                                              N.C. Bar Number 44131
                                              drfrancis@crumleyroberts.com

Brian L. Kinsley
N.C. Bar Number 38683
blkinsley@crumleyroberts.com
CRUMLEY ROBERTS, LLP
Attorneys for Plaintiffs

2400 Freeman Mill Road
Greensboro, North Carolina 27406
Phone: (336) 333-9899
Facsimile: (336) 333-9894


/s/ Amanda A. Mingo
_____
Amanda A. Mingo
NC Bar No. 24423
amingo@rsfmlaw.com
RAWLS, SCHEER, CLARY & MINGO, PLLC
1011 East Morehead Street, Suite 300
Charlotte, NC 28204
Phone: 704-376-3200
Facsimile: 704-332-2716


Philip Bohrer (Appearance anticipated)
phil@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

6

## Certificate of Service

I certify that on June 9, 2017, I electronically filed the foregoing document with the clerk of court using the CM/ECF system, which will notify the following CM/ECF participants:

Sarah Motley Stone
Debbie W. Harden
Womble Carlyle Sandridge & Rice
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC  28202-6037
Email: sstone@wcsr.com
dharden@wcsr.com

Johnny M. Loper
Womble Carlyle Sandridge & Rice
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, North Carolina 27601
Email: jloper@wcsr.com

David Edward Mills
Michael DeWayne Hays
Cooley, LLP
1299 Pennsylvania Ave N.W. Suite 700
Washington, DC  20004-2400
dmills@cooley.com
mhays@cooley.com

*Attorneys for Defendant Charlotte School of Law,
and InfiLaw Corporation*

*/s/ Daniel R. Francis*
_____
Daniel R. Francis

8

Case 3:17-cv-00026-GCM   Document 61   Filed 06/09/17   Page 8 of 8